SUCCESSORS OF ABARCA, LTD., PLAINTIFFS, *v.* CENTRAL VANNINA, DEFENDANT AND RESPONDENT (SOBRINOS DE EZQUIAGA, APPELLANTS).

APPEAL from the District Court of San Juan, Section 2, in an Action of Debt.

No. 1302.—Decided July 20, 1915.

AGRICULTURAL LOAN—PREFERRED CREDIT—SIMPLE CREDIT—SURETY.—Sobrinos de Ezquiaga made an agricultural financing contract with the Central Vannina and loaned to the latter the sum of $200,000. At the time the contract was made the said Central Vannina owed the Banco Territorial y Agrícola the

sum of $25,000 which had been loaned to the said central and for which the said Sobrinos de Ezquiaga were sureties and upon demand said sureties paid the same in two instalments.    The lower court ordered the master to consider the credit of $25,000 as a simple one and on appeal it was held:

1. That the contract between Sobrinos de Ezquiaga and the Central Vannina is an agricultural contract and falls within paragraph 2 of section 1824 of the Civil Code.

2. That the loan of $25,000 made by the Banco Territorial y Agrícola to the Central Vannina and for which Sobrinos de Ezquiaga were sureties was not included in the original loan of $200,000.

3. That there was a conflict, which was decided by the lower court, as to whether the $25,000 had a special aspect by which the creditors had a right to retain it as against the claims for sugar turned over to them. .

4. That it is entirely plain that the appellants have not brought themselves within the provisions of paragraph 2 of section 824 of the Civil Code, inasmuch as their claim for the $25,000 was never reduced to a deed and never recorded.

5. That the fact that Sobrinos de Ezquiaga were agricultural financing creditors by virtue of the loan of $200,000 does not make the payment of the $25,000 a payment within the purport of section 3 of the Act of March 10, 1910, because Sobrinos de Ezquiaga did not make that payment by reason of their position as agricultural creditors for the $200,000 loaned but by virtue of their obligation as sureties.

The facts are stated in the opinion.

*Mr. Eduardo Acuña Aybar* for Sobrinos de Ezquiaga.

*Messrs. Alvarez Nava & Domínguez* for the receivers of Central Vannina.

The plaintiffs did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Section 1824 of the Civil Code of Porto Rico as amended by the Act of March 10, 1910, and the Act of March 9, 1911, provides, among other things, as follows:

"With regard to certain real property and rights on realty of the debtor, the following shall have preference:

\*         \*         \*         \*         \*         \*         \*

"2. Credits for advances for agricultural purposes, as to the crops on the property for which such advances are made, as provided in the special act relative to that subject."

\*         \*         \*         \*         \*         \*         \*

"6. Agricultural loans not entered or recorded with regard to the real estate to which the agricultural loan (*refacción*) relates, and only with regard to other credits from that mentioned in the four preceding numbers."

The court below on January 20, 1915, made an order whereby it ordered the master named by the court to consider a certain credit of Sobrinos de Ezquiaga as a simple one. In other words, the court considered that the said Sobrinos de Ezquiaga were entitled to no preference under either of the paragraphs that we have transcribed above and they appeal, maintaining that they are creditors for agricultural advances as such advances are defined by the Act of March 10, 1910.

On August 25, 1913, the said firm of Sobrinos de Ezquiaga made an agricultural contract with the Central Vannina and by virtue of said contract the said firm turned over to the said central the sum of $200,000. That this was an agricultural contract and falls within paragraph 2 of section 1824 of the Civil Code there is no question. At the time the said Central Vannina owed the Banco Territorial y Agrícola the sum of $25,000 which was loaned to the said central and for which the said Sobrinos de Ezquiaga were sureties. There was considerable discussion at the hearing and in the briefs of the parties over the reasons why this $25,000 was not included in the original $200,000 loan, but the fact remains that it was not so included. There was also evidence tending to show that the said sum of $25,000 was borrowed by the Central Vannina for agricultural purposes. The sureties were called upon to pay the said sum of $25,000 to the bank and did pay it in two instalments. There is a conflict between the parties as to whether this $25,000 had a special aspect by which the creditors had a right to retain it as against the claims for sugar turned over to them, but we find nothing in the record in view of the general finding of the court below that would justify us in deciding the conflict in favor of the appellants. Even if the appellants had proved conclusively that they had such understanding with the Central Vannina, we doubt whether thereby they became agricultural creditors for money advanced. They would still have paid the $25,000 as ordinary sureties severally bound with their principals.

It is entirely plain that these appellants have not brought themselves within the provisions of paragraph 2 of section 1824 of the Civil Code inasmuch as their claim for the $25,000 was never reduced to a deed and never recorded. •Appellants, however, draw attention to section 3 of the law of March 10, 1910, which, among other things, provides as follows:

"Where the lessee or beneficiary of the usufruct under any kind of title shall fail to perform his obligations with the owner or representative of the property, the creditor making the advances for agricultural purposes may, on having knowledge of the fact, perform such obligations for account of the debtor and charge the same to the account of advances for agricultural purposes. The creditor may likewise subrogate himself in the obligations of the debtor with third parties, for the only purpose of securing a faithful performance of his contract of advances for agricultural purposes."

As we understand the contention, the appellants say that, being already agricultural creditors by virtue of the loan of $200,000, the payment of the $25,000 was a payment within the purport of said section 3. But these creditors did not pay the $25,000 by reason of their position as agricultural creditors by virtue of the $200,000, but they paid it by virtue of their obligation as sureties.

The appellees, the receivers in this case, drew attention to the fact that they were not attempting to limit the appellants with regard to any special rights they might have by reason of an alleged special contract with the Central Vannina, and indeed in their petition to the court the said receivers only ask that the appellants be not allowed to claim the said $25,000 as an agricultural credit. Therefore, we think that the decision appealed from should be affirmed, but modified by the addition of the following: "without prejudice to the rights of the creditors, Sobrinos de Ezquiaga, to prove before the master any account or special contract which they may have with the Central Vannina of any other nature than that of an agricultural contract (*refacción agrícola*)."

*Modified and affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.